Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ANTONIO BORRÁS BORRERO<br><br>Recurrente<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Recurrido<br><br>BÁRBARA LAGO AMPARO<br><br>Interventora | KLRA202400341 | *Revisión* Administrativa Procedente de la Junta de Apelaciones de la Corporación del Fondo del Seguro del Estado<br><br>Sobre: Impugnación de Convocatoria 21-17; Puesto 0531, Especialista en Pólizas de Seguro I<br><br>Caso Núm.: JA-16-93 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 21 octubre de 2024.

Comparece ante nos el Sr. Antonio Borrás Borrero (señor Borrás Borrero o Recurrente), para que revoquemos la *Resolución Sumaria Enmendada* emitida el 23 de abril de 2024, por la Junta de Apelaciones para Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado (CFSE o Foro Administrativo). Allí, se determinó que la selección y nombramiento de la Sra. Bárbara Lago Amparo (señora Lago Amparo) no violentó la reglamentación de la CFSE.[1]

Examinado el recurso, resolvemos **confirmar** la *Resolución* recurrida. Veamos.

### -I-

El **26 de septiembre de 2016** el señor Borrás Borrero, quien ha sido empleado de la CFSE por más de veinticinco (25) años,

---

[1] Notificada el mismo día. Apéndice de la Revisión Judicial, Anejo II, págs. 4-10.

presentó la *Apelación* JA-16-93. Solicitó a la Junta de Apelaciones que dejara sin efecto el proceso de selección y nombramiento de la convocatoria número 21-17 —para el puesto 0531 de Especialista en Pólizas de Seguros I— llevado a cabo por la CFSE, en la que seleccionó y nombró en el puesto a la señora Lago Amparo.[2] En apretada síntesis, adujo que el mismo violó el principio de mérito.[3]

Por su parte, el **3 de diciembre de 2019** la señora Lago Amparo compareció como parte interventora. En resumen, argumentó que el señor Borrás Borrero no tenía derecho a los remedios solicitados.[4]

En la vista celebrada el **4 de abril de 2023,** la Representante de los Empleados Gerenciales, Lcda. Wendy Lind Casado (licenciada Lind Casado), tuvo que inhibirse, dado que fue directora Regional en Carolina y atendió situaciones laborales del señor Borrás Borrero.[5] Así, la Lcda. Allyson Goyco Valentín —en calidad de Representante Alterna de los Empleados Gerenciales ante la Junta de Apelaciones— sustituyó a la licenciada Lind Casado, por lo que participó los días 18 y 26 de mayo de 2023 en la Vista Adjudicativa del caso de epígrafe.[6]

El **26 de marzo de 2024** la Junta de Apelaciones emitió una *Resolución Sumaria,* en la que declaró No Ha Lugar la *Apelación* y decretó así el cierre y archivo de caso con perjuicio.[7] Dicha resolución fue firmada por el presidente, Lcdo. Ernie E. Cabán Santiago (licenciado Cabán Santiago), la representante en propiedad del administrador de la CSFE, Lcda. Ana Quintero Santiago, y por la licenciada Lind Casado, **a pesar de haberse inhibido y no tener participación en la vista adjudicativa**.

---

[2] *Íd.*, Anejo II, págs. 4-10.
[3] *Íd.*, Anejo V, págs. 21-25.
[4] *Íd.*, Anejo V, págs. 26-27.
[5] Apéndice de la Revisión Judicial, Anejo VIII, págs. 39-46.
[6] *Íd.*, Anejo III, págs. 11-12.
[7] *Íd.*, Anejo IV, págs. 13-20.

Insatisfecho, el **15 de abril de 2024** el señor Borrás Borrero presentó *Moción solicitando reconsideración y relevo de Resolución Sumaria emitida el 26 de marzo de 2024 por ser nula y en violación al debido proceso de ley*. En resumen, adujo que la *Resolución Sumaria* contó con la firma de la licenciada Lind Casado, quien se había inhibido, por lo que su participación hacía nula la determinación por violar el debido proceso de ley.[8]

El **23 de abril de 2024** la Junta de Apelaciones tomó conocimiento de lo anterior mediante *Orden*. Informó que la licenciada Lind Casado —**no participó del análisis y evaluación de la prueba ni de la Resolución Sumaria**— y que su firma se trató de un error producto de una inadvertencia o negligencia excusable. Ante ello, ese mismo día la Junta emitió y notificó una *Resolución Enmendada* con las firmas de las integrantes de dicha Junta que consideraron la prueba, participaron en la discusión, adjudicación y redacción de la determinación.[9] Es decir, contó con las firmas del presidente, licenciado Cabán Santiago, la representante en propiedad del administrador de la CSFE, la licenciada Quintero Santiago, y la Lcda. Allyson Goyco Valentín, quien originalmente sustituyó a la licenciada Lind Casado.[10]

El **13 de mayo de 2024** el señor Borrás Borrero presentó una *Solicitud de reconsideración o relevo de Resolución Sumaria emitida el 26 de marzo de 2024 y enmendada el 23 de abril de 2024 por ser nula en violación al debido proceso de ley; en la alternativa, solicitud de vista adjudicativa de novo*.[11]

El **20 de junio de 2024** la Junta de Apelaciones emitió y notificó una *Decisión y Orden* donde la declaró No Ha lugar.[12]

---

[8] *Íd.*, Anejo VIII, págs. 39-46.
[9] *Íd.*, Anejo III, págs. 11-12.
[10] *Íd.*, Anejo II, págs. 4-10.
[11] Apéndice de la Revisión Judicial, Anejo VIII, págs. 39-46.
[12] *Íd.*, Anejo I, págs. 1-2.

Inconforme, el **26 de junio de 2024**, el señor Borrás Borrero acudió ante este Tribunal de Apelaciones e imputó la comisión de los siguientes errores:

> *PRIMER SEÑALAMIENTO DE ERROR: ERRÓ LA JUNTA DE APELACIONES PARA EMPLEADOS GERENCIALES DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO ANTE LA PARTICIPACIÓN Y ADJUDICACIÓN DE LA CONTROVERSIA POR LA LCDA. WENDY LIND CASADO, INTEGRANTE DE LA JUNTA DE APELACIONES QUE SE INHIBIÓ DE PARTICIPAR Y ADJUDICAR LA CONTROVERIA EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.*
>
> *SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ LA JUNTA DE APELACIONES PARA EMPLEADOS GERENCIALES DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO AL INTENTAR ENMENDAR UNA RESOLUCIÓN, INCORRECTAMENTE LLAMADA SUMARIA, QUE ES NULA POR VIOLAR EL DEBIDO PROCESO DE LEY.*
>
> *TERCER SEÑALAMIENTO DE ERROR: DE ENTENDER QUE NO SE COMETIERON LOS ERRORES PRIMERO Y SEGUNDO Y NO PROCEDE EL NUEVO JUICIO O REALIZAR EL PROCESO DELIBERATIVO Y DECISORIO NUEVAMENTE CON LOS INTEGRANTES APTOS PARA ELLO, ERRÓ LA JUNTA DE APELACIONES AL NO CONSIDERAR LA TOTALIDAD DEL EXPEDIENTE ADMINISTRATIVO Y ENTENDER QUE LA SRA. BÁRBARA LAGO AMPARO CUMPLE CON LOS REQUISITOS DE LA CONVOCATORIA 21-17.*
>
> *CUARTO SEÑALAMIENTO DE ERROR: DE ENTENDER QUE NO SE COMETIERON LOS ERRORES PRIMERO Y SEGUNDO Y NO PROCEDE EL NUEVO JUICIO O REALIZAR EL PROCESO DELIBERATIVO Y DECISORIO NUEVAMENTE CON LOS INTEGRANTES APTOS PARA ELLO, ERRÓ LA JUNTA DE APELACIONES AL SOSTENER LA PRESUNCIÓN DE VALIDEZ DE UNA DETERMINACIÓN ADMINISTRATIVA QUE HA PROBADO SER INCOMPATIBLE CON LA REALIDAD Y EL REGLAMENTO DE PERSONAL PARA EMPLEADOS GERENCIALES DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO QUE INCORPORA EL PRINCIPIO DE MÉRITO, CRITERIO DE ANTIGÜEDAD Y DE ASCENSO.*

Después de varios trámites procesales, el **6 de agosto de 2024** la CFSE presentó su *Oposición a Revisión Judicial.* Con la comparecencia de ambos, procedemos a resolver.

-II-

A.

Es norma reiterada en nuestro ordenamiento que los tribunales apelativos han de conceder gran deferencia a las decisiones de los organismos administrativos, por razón del conocimiento especializado y la pericia de las agencias respecto a

las facultades que les han sido delegadas por ley.[13] De ahí, que las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección.[14] Conforme lo anterior, la revisión judicial de este tipo de decisiones se debe limitar a determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción.[15] Por *"discreción"* se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[16]

En cuanto a las determinaciones de hecho realizadas por una agencia administrativa, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU),[17] dispone que estas serán sostenidas por el tribunal revisor si se encuentran respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad.[18] El término *"evidencia sustancial"* se refiere a *"aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión"*.[19]

No obstante a lo antes dicho, cuando se trata de conclusiones de derecho, estas son revisables en toda su extensión.[20] Sin embargo, ello *"no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia"*.[21] Cuando un tribunal llega a un resultado distinto, este debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones

---

[13] *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026 (2020); *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 215 (2012).
[14] *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013).
[15] *Mun. de San Juan v. CRIM*, 178 DPR 163, 175 (2010).
[16] *García v. Asociación*, 165 DPR 311, 321 (2005).
[17] Ley Núm. 38 de 30 de junio de 2017. 3 LPRA sec. 9601 *et seq.*
[18] Sec. 4.5 de la LPAU, *supra.* 3 LPRA sec. 9675.
[19] *OCS v. Point Guard Ins.*, supra, pág. 1027.
[20] Sec. 4.5 de la LPAU, supra.
[21] *Otero v. Toyota*, 163 DPR 716, 729 (2005).

de política pública o en la apreciación de la prueba.[22] En fin, nuestra función se circunscribe a considerar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo.[23]

**-III-**

En síntesis, el Recurrente plantea que erró el Foro Administrativo al entender que la señora Lago Amparo cumple con los requisitos de la convocatoria 21-17 y al enmendar una Resolución que contaba con la firma de un miembro que se había inhibido. Al estar íntimamente relacionados los errores señalados discutiremos los mismos en conjunto.

Surge del expediente que el señor Borrás Borrero y la señora Lago Amparo participaron de la convocatoria 21-17. Como parte de los requisitos para el puesto, ambos candidatos tomaron y aprobaron una prueba objetiva. Por lo cual, ambos candidatos fueron llamados por un panel evaluador para ser entrevistados por separados. En dichas entrevistas se buscaba medir atributos tales como liderato, conocimiento, experiencia y habilidad de expresarse. Completadas las entrevistas, la CFSE seleccionó a la señora Lago Amparo para el puesto de Especialista de Seguros I.

Examinados los criterios y el proceso llevado a cabo por la propia CFSE —quien tuvo a los candidatos ante sí y pudo evaluar sus cualidades para el puesto de Especialista de Seguros I— no hay evidencia de arbitrariedad o capricho en la selección de la señora Lago Amparo. Además, no hay nada en el expediente que nos convenza de que la CFSE incumplió con sus procesos al no seleccionar al Recurrente al puesto. Por el contrario, el Foro Administrativo basó su determinación en la evidencia que obraba en

---

[22] *OCS v. Point Guard Ins.*, supra, pág. 1028.
[23] *Hernández Álvarez v. Centro Unido,* 168 DPR 592, 616 (2006); *Otero v. Toyota*, supra, pág. 728.

el récord; y dentro de su discreción, seleccionó a la señora Lago Amparo.

Con relación a la firma de la licenciada Lind Casado quien se había inhibido del proceso, la CFSE aclaró que se trataba de un error subsanable, que en efecto se subsanó mediante la Resolución Enmendada. En ese sentido, destacó que la licenciada Lind Casado se inhibió y nunca participó de la selección de los candidatos. Además, indicó que por error e inadvertencia la licenciada Lind Casado firmó la determinación original, error que fue subsanado con la firma de la Lcda. Allyson Goyco Valentín, quien sí participó en la decisión original y estampó su firma y consentimiento de lo allí resuelto en la Resolución Enmendada.

En fin, el Recurrente no ha presentado prueba suficiente que derrote la presunción de legalidad y corrección del nombramiento de la señora Lago Amparo. Por lo que es forzoso concluir que el Foro Administrativo no cometió los errores señalados.

**-IV-**

Por todo lo anteriormente consignado, resolvemos **confirmar** la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones